UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

In re

14 16 SHEEPS POND LLC,

Debtor.

Chapter 11
Case No. 24-12513-JEB

**MOTION OF CLINTON SAVINGS BANK**
**FOR RELIEF FROM THE AUTOMATIC STAY**

Clinton Savings Bank ("Clinton"), the holder of first-priority secured claims against 14 16 Sheeps Pond LLC (the "Debtor"), pursuant to 11 U.S.C sections 362(d)(1) and 362(d)(2), Rule 4001(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 4001-1 of the Massachusetts Local Bankruptcy Rules ("MLBR"), hereby moves for an order modifying the automatic stay for the purpose of allowing Clinton to: (i) foreclose upon its collateral (as defined below); and (ii) otherwise exercise its rights and remedies with respect to the Debtor pursuant to the Loan Documents (as defined below), state law, and otherwise. This is essentially a two-party dispute between the Debtor and Clinton. The term of loan from Clinton to the Debtor expired over seven months ago, and the Debtor has been unable in that time to pay its outstanding obligations to Clinton or to find alternate financing to resolve this indebtedness. In further support of this Motion, Clinton represents as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334.

2. Venue is properly before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

### Factual Background

4. On December 15, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division) (the "Bankruptcy Court").

5. Prior to the Petition Date, Clinton and the Debtor entered into written a loan agreement whereby Clinton advanced funds to the Debtor in the original principal amount of $2,925,000.00 (the "Loan"), including, *inter alia*:

   a. that certain *Commercial Real Estate Promissory Note* in the original principal amount of $2,825,000, dated as of April 7, 2022 (the "Note"), by and between Clinton and the Debtor, a true and accurate copy of which is attached hereto as *Exhibit A*;

   b. that certain *Loan Agreement* dated as of April 7, 2022 (the "Loan Agreement"), by and among Clinton, the Debtor, and Brett P. Fodiman ("Fodiman"), the principal of the Debtor, a true and accurate copy of which is attached hereto as *Exhibit B*;

   c. that certain *Mortgage, Security Agreement and Financing Statement* (the "Mortgage") by and between Clinton and the Debtor, dated April 7, 2022, and recorded on April 11, 2022, at the Nantucket County Registry of Deeds at Book 1889, Page 125, a true and accurate copy of which is attached hereto as *Exhibit C*;

   d. that certain *Unconditional Personal Guaranty of Brett Fodiman* dated as of April 7, 2022 (the "Guaranty"), by Fodiman, a true and accurate copy of which is attached hereto as *Exhibit D*;

   e. that certain *UCC-1 Financing Statement* (the "Financing Statement") recorded on April 8, 2022, with the Secretary of the Commonwealth of Massachusetts, a true and accurate copy of which is attached hereto as *Exhibit E*; and

f.     that certain *Allonge to and Amendment of Commercial Real Estate Promissory Note* dated as of May 29, 2024 (the "Allonge"), by and between Clinton and the Debtor, a true and accurate copy of which is attached hereto as *Exhibit F*.

6.     All of the written loan documentation in connection with the Loan, including but not limited to the Note, the Loan Agreement, the Mortgage, the Guaranty, the Financing Statement, and the Allonge, is collectively referred to as the "Loan Documents".

7.     Through and including December 15, 2024, Clinton is owed more than $3,375,740.57, comprising:

| CHARGE | AMOUNT |
| --- | --- |
| Outstanding Principal: | $2,925,000.00 |
| Accrued Interest: | $189,584.38 |
| Escrow (Forced Place Insurance): | $47,092.00 |
| Expenses: | $171,461.72 |
| Attorneys' Fees and Costs: | $42,602.47 |
| **TOTAL** | **$3,375,740.57** |

Interest continues to accrue at the per diem rate of $1,056.25. These amounts do not include additional attorneys' fees and costs, which continue to accrue. These figures are estimates only, and Clinton expressly reserves all rights with respect to the calculation and determination of its claim.

8.     Pursuant to the Loan, the Debtor provided a first-priority mortgage to Clinton on the real estate comprising substantially all of the Debtor's assets, that certain real property commonly known as 14 and 16 Sheeps Pond Road, Nantucket, Nantucket County, Massachusetts (the "Property").

9.     According to the Debtor's Schedules A/B of assets filed on the Petition Date, the Debtor has no other assets of any kind. The Debtor has no employees. The Debtor effectively has no operations. Upon information and belief, the Property is unoccupied.

10. There are virtually no other meaningful claims against the Debtor. According to the Debtor's Schedules D and E/F, only four other claimants are owed less than $100,000 collectively.

11. Prior to the Petition Date, the Debtor conceded that its only viable option is to refinance the Property. The Debtor has been trying—unsuccessfully—to refinance the Property for well over a year. There is no meaningful prospect of a reorganization for the Debtor. The best interest of creditors does not support ongoing accumulation of administrative expenses and increase of Clinton's claim.

12. Prior to the Petition Date, the Debtor was in default pursuant to the Loan, and Clinton had initiated foreclosure proceedings. A foreclosure sale was scheduled for December 16, 2024. The Debtor filed for bankruptcy protection in order to stop the foreclosure proceedings. The foreclosure sale has been continued to March 4, 2025, and will necessarily be continued again to a future date to accommodate the disposition of this Motion.

13. Over the course of the autumn of 2024, several storms caused significant portions of the Property to be eroded into the ocean. The entire setback between the coast and the structure on the Property—upon information and belief, more than 60 feet—completely washed into the sea. The subject lot at 16 Sheeps Pond went from approximately two acres to likely less than one-half acre.

14. On December 9, 2024, the Nantucket Health Department issued a *Notice of State Sanitary Code Violation and Order to Cease, Desist, Remediate, and/or Abate* (the "Order") in connection with the Property, citing that the Property is "in imminent danger of collapsing due to severe erosion of the coastal bank." The Nantucket Health Department ordered the Debtor to "remove the dwelling". A true and accurate copy of the Order is attached hereto as *Exhibit G*.

15.     Prior to the Petition Date, and pursuant to its authority under the Loan Documents, Clinton obtained the necessary permission from the Town of Nantucket to move the structure located on the Property to a safer location. The move was accomplished prior to the scheduled foreclosure and the Petition Date. Upon information and belief, the Debtor has significant outstanding obligations to the Town of Nantucket in connection with the location and condition of the structure and the Property. Among other things, the Debtor must obtain conservation commission approval for the relocation of the house and the removal of the utilities, as well as zoning relief for the new location. Furthermore, to reinstall and attach utilities, the Debtor will need standard building permits and also conservation commission approval for any work that would take place within their jurisdiction. The septic system that was formerly approved for the Property is likely no longer feasible, so will require a new plan for a septic system and will need to obtain Board of Health approval. All of these obligations will require significant financial resources. The Debtor, according to its Schedules, has no funds whatsoever.

16.     In the Schedules, the Debtor reports the value of the Property at $5,171,800 based on "Comparable sale", although no additional valuation information is disclosed. Upon information and belief, this estimate does not take into account the loss of the vast majority of the Property at 16 Sheeps Pond and severe erosions, limitations, and future risk associated with 14 Sheeps Pond. Upon information and belief, the Property is now worth vastly less than the Debtor's estimate, and likely significantly less than the amount of the Loan.

17.     Repayment of the Debtor's obligations under the Loan is guaranteed by the Debtor's principal, Fodiman.

18.     It is unclear whether real estate taxes on the Property remained unpaid as of the Petition Date. Regardless, such taxes continue to accrue.

## Argument

19.     Clinton is entitled to relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code.

20.     Section 362 of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

21.     The Debtor has been trying unsuccessfully for more than a year to refinance the Property. Absent a successful refinance, the Debtor has no basis for reorganization. Since the Debtor began its refinance efforts, the Loan has gone into default and the Property was on the eve of foreclosure. More importantly, the Property itself has suffered catastrophic erosion and damage, rendering it at risk for demolition by the Town of Nantucket, as has occurred with neighboring property. The Debtor has no income. The Debtor's prospects for refinancing the Property are materially worse than they have ever been. Based upon the Debtor's inability to refinance the Property, there is no meaningful prospect of reorganization.

22.     This is essentially a two-party dispute between the Debtor and its mortgagee, and as such is not appropriately the subject of bankruptcy relief. The Debtor's filing is merely a delay of the inevitable liquidation of the Property.

23.     The Debtor has the burden of demonstrating that the Property is necessary for an effective reorganization. *See* 11 U.S.C. § 362(g); *Mercado v. Combined Invs., LLC (In re Mercado)*, 523 B.R. 755, 761 (1st Cir. BAP 2015). To meet this burden, the Debtor must demonstrate "not merely…that if there is conceivably to be an effective reorganization, this

property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* This means…that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Sav. Ass'n of Tex. v. Timbers Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375–76 (1988) (emphasis in original).

24.     The Debtor has not provided any adequate protection to Clinton. The Property is subject to diminution in value as real estate taxes become due, and accruing interest only increases Clinton's claim against the Property. The Property is also subject to unique risks given its location and condition due to the erosion and storm damage which has already occurred.

25.     Clinton is entitled to relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code to pursue its rights under the Loan Documents and applicable law with respect to the Property.

### Information Required by MLBR 4001-1

26.     In accordance with MLBR 4001-1(b)(2), Clinton provides the following information:

a.     Clinton holds a validly perfected, first-priority mortgage in the Property. As of December 15, 2024, Clinton is owed $3,375,740.57. This amount is exclusive of additional interest, attorneys' fees and costs, and other charges, all of which continue to accrue under the Loan Documents.

b.     According to the Debtor's Schedules, there is only one additional lien against the Property, by Martin Boshe Painting, Inc., in the amount of $35,698 as a mechanic's lien. Upon information and belief, there are no other additional liens on the property.

c.     The total amount of claims against the Property, therefore, is at least $3,375,740.57. This does not include any accrued and accruing real estate tax claims of the Town of Harwich.

d.     The Debtor values the Property at $5,171,800 according to its Schedules. The Debtor's estimate, however, fails to take into account the erosion and storm damage to the Property, the Order of the Town of Nantucket, the relocation of the structure on the Property and attendant unfilled obligations, and the ongoing risk of damage and demolition. Upon

information and belief, the value of the Property is significantly lower. The condition of the Property is rapidly changing and difficult to assess.

e.  There is no other collateral securing the Debtor's obligations to Clinton. Clinton does have a guaranty from the Debtor's principal. The value of this guaranty is unknown.

f.  Clinton is the original holder of the Loan Documents with the Debtor.

g.  The Debtor is not an individual, and, accordingly, no declaration of homestead has been recorded or is potentially applicable hereto.

WHEREFORE, for all of the foregoing reasons, Clinton requests that the Court enter an

Order, substantially in the form attached hereto:

i.  granting the Motion;

ii.  granting relief from the automatic stay to Clinton to allow it to exercise any and all of its contractual and state law rights and remedies with regards to the Property, including to conduct a public auction foreclosure sale of the Property, and otherwise to exercise its rights and remedies under the Loan Documents to preserve its right to seek any deficiency to the extent permitted by state and federal law, including section 524(a) of the Bankruptcy Code, and to bring such actions as are permissible by law to do so;

iii.  granting relief from the automatic stay to Clinton to allow it to engage in any and all acts necessary and proper to protect its rights and interest in the Property;

iv.  waiving the 14-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

v.  granting such other and further relief as just and necessary.

#17789222v1                                        8

Respectfully submitted,

CLINTON SAVINGS BANK,

By its attorneys,

/s/  Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Pierce Atwood LLP
100 Summer Street, 22nd Floor
Boston, MA 02110
Telephone:  (617) 488-8112
Email:        amattera@pierceatwood.com

Dated:  January 23, 2025