UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| 14 16 SHEEPS POND LLC, ) | |
| ) | Chapter 11 |
| Debtor ) | Case No. 24-12513-JEB |
| ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS
DEBTOR'S CHAPTER 11 CASE
(REQUEST FOR EMERGENCY DETERMINATION)
(WITH CERTIFICATES OF SERVICE AND CONFERENCE)**

William K. Harrington, the United States Trustee for Region 1, moves the Court to dismiss the chapter 11 case of 14 16 Sheeps Pond LLC ("Debtor") for "cause" under 11 U.S.C. § 1112(b)(4) and to schedule an **emergency hearing** on the motion under MLBR 9013-1(g).

**Per the certificate of conference attached hereto, the Debtor's attorney does not oppose the request for emergency determination.**

In support, the United States Trustee says:

**Introduction**

The Debtor filed a voluntary chapter 11 petition on December 15, 2024. The Debtor conceded that it was a single asset real estate debtor as defined in 11 U.S.C. § 101(51B) and claimed as its sole asset two rental homes and related land located at 14 16 Sheep Pond Road, Nantucket, Massachusetts (collectively, the

1

"Property").

Prior to the initial debtor interview, the Debtor provided the United States Trustee with an insurance binder showing coverage for Property ("Binder"). The United States Trustee has confirmed with the insurance agent that the Binder will not result in a contract of insurance, because the Debtor failed to pay the required premium.

The Property is therefore uninsured.

Based on these facts, "cause" exists under 11 U.S.C. § 1112(b)(4)(B) (gross mismanagement of the estate), (C) (failure to maintain appropriate insurance that poses a risk to the estate or to the public) and (H) (failure to provide information reasonably requested by the United States Trustee) to dismiss the Debtor's chapter 11 case.

Dismissal is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1).

**EMERGENCY HEARING REQUESTED**

1. **On December 16, 2025, the United States Trustee requested that the Debtor provide proof of appropriate insurance on the Property within two business days of the petition date. The Debtor provided the Binder.**

2. **According to the insurance broker who obtained the Binder,**

**no contract of insurance will issue, because the Debtor did not pay the required premium.**

3. **The Property is therefore currently uninsured.**

4. **Without evidence of appropriate insurance, the estate and the public are at unreasonable risk of loss.**

5. **Accordingly, the Court should schedule an emergency hearing on this motion.**

6. **Per the certificate of conference attached hereto, the United States Trustee has conferred with the Debtor's attorney, David B. Madoff, Esq., regarding the scheduling of an emergency hearing and the relief requested by this motion.**

7. **Attorney Madoff stated that he did not oppose the request for emergency determination.**

**JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF**

8. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

9. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

10. Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

11. The legal basis for relief includes 28 U.S.C. §§ 586(a)(3) and (7) and 1930(a)(6), 11 U.S.C. §§ 307 and 1112(b), Fed. R. Bankr. P. 1017 and MLBR

9013-1(g).

**FACTS**

12. The Debtor filed a voluntary chapter 11 petition on December 15, 2024. DE1. It checked box on the petition indicating that it was a single asset real estate debtor as defined by 11 U.S.C. § 101(51B). DE1 at 2.

13. In schedule "A/B," the Debtor claimed that its sole asset was the Property. DE1 at 13.

14. On December 16, 2024, the United States Trustee emailed the Debtor's attorney that the telephonic IDI had been scheduled for Friday, December 20, 2024 at 1:00 p.m. The email requested proof of insurance on the Properties and attached the United States Trustee's Operating Guidelines and Reporting Requirements For All Chapter 11 Cases (the "Guidelines").

15. The email noted that "**proof of adequate insurance coverage is due immediately, no later than 2 business days of the bankruptcy filing**. Evidence should be in the form of a Certificate of Insurance with the U.S. Trustee's Office listed as a notified party . . . ." (bold in original).

16. Prior to the IDI, the Debtor provided the United States Trustee with the Binder. A true and correct copy of the Binder is attached hereto for all purposes as Exhibit 1.

4

17. On Thursday, February 27, 2025, the United States Trustee contacted the insurance agent who obtained the Binder. He confirmed that no contract of insurance will issue, because the Debtor failed to pay the required premium.

18. Therefore, the Property is currently uninsured.

**STATUTORY FRAMEWORK**

    **A.**    **The United States Trustee.**

19. The United States Trustee is an official of the United States Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases. 28 U.S.C. §§ 581-589. By statute, the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title," with one exception not applicable here. 11 U.S.C. § 307.

    **B.**    **The Guidelines.**

20. A debtor-in-possession must conduct its affairs subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules and guidance issued by the United States Trustee. To assist debtors in possession in carrying out their statutory and fiduciary duties, the United States Trustee has published

Guidelines, which are provided to every chapter 11 debtor in possession.[1]

21. The Guidelines instruct a debtor in possession, among other things, to provide the United States Trustee with evidence that it has insured all of its assets and operations.[2] *Id.* A chapter 11 debtor must also sign and return certain documents identified in the Guidelines, including an acknowledgement that it has closed all pre-petition bank accounts and deposited all funds into a DIP bank account at an authorized financial institution. Guidelines at 11.

### C. Dismissal under 11 U.S.C. § 1112(b)

22. Under 11 U.S.C. § 1112(b)(1), "after notice and a hearing, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

---

[1] The version of the Guidelines effective February 1, 2023 is publicly available on the Region 1 website at http://www.justice.gov/ust/r01/reg_info.htm (last checked February 22, 2025).

[2] The Guidelines provide "The Debtor must maintain appropriate insurance and make all premium payments when due. **Immediately upon filing, the Debtor must provide the United States Trustee with proof of the insurance coverage required by these Guidelines** . . . The Debtor shall maintain at least the following coverage, where applicable . . . General comprehensive liability . . . Property (personal and theft) . . . Casualty and theft . . . Workers' compensation . . . Vehicle . . . Product Liability . . . Flood insurance . . . Other coverage customary or prudent in the Debtor's business, or required by law . . . ." Guidelines at 13-14 (bold in original).

23. Section 1112(b)(4) contains a nonexclusive list of 16 examples of "cause," including gross mismanagement of the estate (subsection (B)), failure to maintain appropriate insurance that poses a risk to the estate or to the public (subsection (C)) and failure to provide information or attend meetings reasonably requested by the United States Trustee (subsection (H)). *See* 7 COLLIER ON BANKRUPTCY, ¶ 1112.04[6][a] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2025).

24. "In addition, the court may convert or dismiss a case for reasons that are not specifically enumerated in the section, provided that these reasons are sufficient to demonstrate the existence of cause . . . ." *La Trinidad Elderly LP SE v. Loiza Ponce Holdings LLC (In re La Trinidad Elderly LP SE)*, 627 B.R. 779, 798 (BAP 1st Cir. 2021) (citation omitted).

25. Such additional cause includes lack of a reorganizational purpose (*see Fields Station LLC v. Capitol Food Corp. of Fields Corner (In re Capitol Foods Corp. of Fields Corner)*, 490 F.3d 21 (1st Cir. 2007)). "One ground, however, is sufficient, standing alone, to establish cause under the statute . . . ." *In re Andover Covered Bridge, LLC*, 553 B.R. 162, 172 (BAP 1st Cir. 2016) (citations and internal punctuation omitted). *Hoover v. Harrington (In re Hoover)*, 828 F.3d 5, 9 (1st Cir. 2016).

26. "Once cause is found, the burden shifts to the opposing party to

demonstrate 'unusual circumstances' that establish conversion or dismissal is not in the best interests of the creditors and the estate. The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate . . . ." *Efron v. Canelario (In re Efron)*, 529 B.R. 396, 411 (B.A.P. 1st Cir. 2015). *Accord, In re Andover Covered Bridge, LLC*, 553 B.R. at 171-172.

27. Postpetition losses caused by uninsured casualties are administrative priority claims under 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) that dilute the funds available to holders of prepetition claims. *See Reading Co. v. Brown*, 391 U.S. 471, 483 (1968) (holding that uninsured damages caused to third parties by the postpetition negligence of a receiver operating the debtor's business constituted administrative priority claims).

**ARGUMENT**

**I. The Court Should Immediately Dismiss The Debtor's Chapter 11 Case For "Cause" Under 11 U.S.C. § 1112(b)(4).**

    **A. "Cause" exists under subsection (C).**

28. Section 1112(b)(4)(C) provides that cause to dismiss a chapter 11 case exists where a debtor fails "to maintain appropriate insurance that poses a risk to the estate or to the public . . . ."

29. This is established here, because the Debtor has failed to provide

the United States Trustee with evidence of appropriate insurance on the Property, as required by the Guidelines. *Gilroy v. Ameriquest Mortg. Co. (In re Gilroy)*, 2008 WL 4531982 at 4 (B.A.P 1st Cir. 2008) (affirming order dismissing a chapter 11 case, where the debtor failed to provide proof that she had insured five condominiums); 7 COLLIER ON BANKRUPTCY at ¶ 1112.4[6][c].

30. Without current insurance, the estate and the public are at unreasonable risk of loss.

31. Accordingly, the Court should dismiss the Debtor's chapter 11 case for "cause" under 11 U.S.C. § 1112(b)(4)(C).

### B. "Cause" exists under subsection (H).

32. Section 1112(b)(4)(H) provides that cause to dismiss a chapter 11 case exists when a debtor fails timely to provide information reasonably requested by the United States Trustee.

33. This is established here, because the debtor has failed to provide information reasonably requested by the United States Trustee. 7 COLLIER ON BANKRUPTCY at ¶ 1112.4[6][h].

34. Specifically, the Debtor has failed to provide the United States Trustee with evidence of appropriate insurance on the Property, as required by the Guidelines.

35. Accordingly, the Court should dismiss the Debtor's chapter 11 case

for "cause" under 11 U.S.C. § 1112(b)(4)(H).

### C. "Cause" exists under subsection (B).

36. Section 1112(b)(4)(B) provides that cause to dismiss a chapter 11 case exists for "gross mismanagement of the estate . . . ."

37. This is established here, because the Debtor has failed to provide the United States Trustee with evidence of appropriate insurance on the Property, exposing the estate and the public to unreasonable risk of loss.

38. Accordingly, the Court should dismiss the Debtor's chapter 11 case for "cause" under 11 U.S.C. § 1112(b)(4)(B). *See* 7 COLLIER ON BANKRUPTCY at ¶ 1112.4[6][b].

### D. Dismissal Is In The Best Interest Of Creditors And The Estate.

39. The interests of creditors and the estate would best be served by dismissal under 11 U.S.C. § 1112(b)(1). *In re Andover Covered Bridge* at 178 (outlining 10 factors typically considered by courts in assessing best interests).

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: 1) **scheduling an emergency hearing on this motion under MLBR 9013-1(g)**; 2) dismissing the Debtor's chapter 11 case; and 3) granting him all such other and further legal and equitable relief to which he may be entitled.

        Respectfully submitted,

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE
        REGION 1

By:    */s/ Eric K. Bradford*
       Eric K. Bradford BBO#560231
       Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       Phone: (202) 306-3815
       Fax: (617) 565-6368

Dated: March 2, 2025.    Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF SERVICE

      I certify that on March 2, 2025, true and correct copies of the foregoing motion were served by CM/ECF only upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel for the Debtor, David B. Madoff, Esq., who is identified below.

|  | Respectfully submitted, |
|---|---|
|  | WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE<br>REGION 1 |
| By: | */s/ Eric K. Bradford*<br>Eric K. Bradford BBO#560231<br>Department of Justice<br>John W. McCormack Post Office & Courthouse<br>5 Post Office Square, 10th Floor, Suite 1000<br>Boston, MA 02109-3934<br>Phone: (202) 306-3815<br>Fax: (617) 565-6368 |
| Dated: March 2, 2025. | Eric.K.Bradford@usdoj.gov |

**BY CM/ECF:**

David B. Madoff on behalf of Debtor 14 16 Sheeps Pond LLC
madoff@mandkllp.com, alston@mandkllp.com

Alex F. Mattera on behalf of Creditor Clinton Savings Bank
amattera@pierceatwood.com, lhawe@pierceatwood.com

## CERTIFICATE OF CONFERENCE

I certify that on Friday, February 28, 2025, I exchanged emails with counsel for the Debtor, David B. Madoff, Esq., regarding the foregoing motion. I also sent him a draft of this motion.

Attorney Madoff stated that he did not oppose the Court's scheduling an emergency hearing to consider the motion.

                Respectfully submitted,

                WILLIAM K. HARRINGTON
                UNITED STATES TRUSTEE
                REGION 1

By:   */s/ Eric K. Bradford*
       Eric K. Bradford BBO#560231
       Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       Phone: (202) 306-3815
       Fax: (617) 565-6368

Dated: March 2, 2025.       Eric.K.Bradford@usdoj.gov